# PD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS M. SHARPE**<br>**337 MCKEAN STREET**<br>**PHILADELPHIA, PA 19148**<br>    **AND**<br>**MARYANN SHARPE**<br>**337 MCKEAN STREET**<br>**PHILADELPHIA, PA 19148**<br>    **AND**<br>**DENNIS W. SHARPE**<br>**337 MCKEAN STREET**<br>**PHILADELPHIA, PA 19148** | **19    983** |
| **V.** | **JURY TRIAL DEMANDED** |
| **POLICE OFFICER MICHAEL E. SPICER**<br>**BADGE NUMBER 5180**<br>**1515 ARCH STREET, 15TH FL.**<br>**PHILADELPHIA, PA. 19102** | **NO.** |

**DENNIS M. SHARPE**
**337 MCKEAN STREET**
**PHILADELPHIA, PA 19148**
    **AND**
**MARYANN SHARPE**
**337 MCKEAN STREET**
**PHILADELPHIA, PA 19148**
    **AND**
**DENNIS W. SHARPE**
**337 MCKEAN STREET**
**PHILADELPHIA, PA 19148**

    **V.**

**POLICE OFFICER MICHAEL E. SPICER**
**BADGE NUMBER 5180**
**1515 ARCH STREET, 15TH FL.**
**PHILADELPHIA, PA. 19102**
    **AND**
**POLICE OFFICER THOMAS LICIARDELLO**
**1515 ARCH STREET, 15TH FL.**
**PHILADELPHIA, PA. 19102**
    **AND**
**POLICE OFFICER BRIAN REYNOLDS**
**1515 ARCH STREET, 15TH FL.**
**PHILADELPHIA, PA. 19102**
    **AND**
**POLICE OFFICER LINWOOD NORMAN**
**1515 ARCH STREET, 15TH FL.**
**PHILADELPHIA, PA. 19102**
    **AND**
**POLICE OFFICER JOHN SPEISER**
**1515 ARCH STREET, 15TH FL.**
**PHILADELPHIA, PA. 19102**
    **AND**
**POLICE OFFICER PERRY BETTS**
**1515 ARCH STREET, 15TH FL.**
**PHILADELPHIA, PA. 19102**
    **AND**
**POLICE OFFICERS JOHN DOE #1-5**
**1515 ARCH STREET, 15TH FL.**

PHILADELPHIA, PA 19102                          :
     AND                                          :
THE CITY OF PHILADELPHIA                         :
1515 ARCH STREET                                 :
PHILADELPHIA, PA 19146_____:

## COMPLAINT - CIVIL ACTION

1. Plaintiff, Dennis M. Sharpe, is an adult citizen, resident of the Commonwealth of Pennsylvania and father of Dennis W. Sharpe, residing as captioned.

2. Plaintiff, Maryann Sharpe, is an adult citizen, resident of the Commonwealth of Pennsylvania and Mother of Dennis. W. Sharpe residing as captioned.

3. Plaintiff, Dennis W. Sharpe, is an adult citizen, resident of the Commonwealth of Pennsylvania and son of Dennis M. Sharpe and Maryann Sharpe, residing as captioned.

4. Defendant, Police Officer Spicer, was at all material times a police officer with the City of Philadelphia Police Department.

5. Defendant, Police Officer Liciardello, was at all material times a police officer with the City of Philadelphia Police Department.

6. Defendant, Police Officer Reynolds, was at all material times a police officer with the City of Philadelphia Police Department.

7. Defendant, Police Officer Norman, was at all material times a police officer with the City of Philadelphia Police Department.

8. Defendant, Police Officer Speiser, was at all material times a police officer with the City of Philadelphia Police Department.

9. Defendant, Police Officer Betts, was at all material times a police officer with the City of Philadelphia Police Department.

10. Defendants, Police Officers John Doe #1-5, were at all material times police officers with the City of Philadelphia Police Department.

11. Defendant, City of Philadelphia, is a municipality, organized and existing under the laws of the Commonwealth of Pennsylvania, with a main office and/or principal place of business located as captioned.

12. At all material times, the Defendant, Police Officer Spicer, was employed as a police officer by the City of Philadelphia Police Department and was acting within the course and scope of his employment, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

13. At all material times, the Defendant, Police Officer Liciardello, was employed as a police officer by the City of Philadelphia Police Department and was acting within the course and scope of his employment, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

14. At all material times, the Defendant, Police Officer Reynolds, was employed as a police officer by the City of Philadelphia Police Department and was acting within the course and scope of his employment, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

15. At all material times, the Defendant, Police Officer Norman, was employed as a police officer by the City of Philadelphia Police Department and was acting within the course and scope of his employment, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

16. At all material times, the Defendant, Police Officer Speiser, was employed as a police officer by the City of Philadelphia Police Department and was acting within the course and scope of his employment, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

17. At all material times, the Defendant, Police Officer Betts, was employed as a police officer by the City of Philadelphia Police Department and was acting within the course and scope of his employment, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

18. At all material times, the Defendants, Police Officers John Doe #1-5, were employed as police officers by the City of Philadelphia Police Department and were acting within the course and scope of their employment, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

19. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §1331 and §1343 and jurisdiction over the State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction.

20. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

21. On March 27, 2008 Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5 pushed themselves into the Plaintiff's home at 337 McKean Street, in Philadelphia, PA.

22. When asked for a warrant, the Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, ignored the request and instead went upstairs to the Plaintiff, Dennis W. Sharpe's, room.

23. The Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, threatened the Plaintiff by telling him if he didn't cooperate, they would take his parent's home.

24. On March 27, 2008 the Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, arrested the Plaintiff, Dennis W. Sharpe, after searching his room, and initiated criminal proceedings against him.

25. The Plaintiff, Maryann Sharpe, again requested a warrant. The Defendant, Police Officer Spicer, placed a folded piece of paper on the table, representing it to be the warrant.

26. After the Defendant police officers left with the Plaintiff, Dennis W. Sharpe, in hand cuffs, the Plaintiff, Maryann Sharpe, looked at the piece of paper and found out that it was a blank piece of paper, not a warrant to enter or search her home.

27. The Plaintiff, Dennis W. Sharpe, was charged with manufacturing, delivering, possession with intent to manufacture or deliver, criminal use of communication facility and intentional possession of a controlled substance.

28. The Plaintiff was innocent of all charges and the Defendants lacked probable cause to arrest and prosecute the Plaintiff.

29. On March 10, 2017, the Philadelphia District Attorney's Office and Judge Sheila Woods-Skipper determined that the Plaintiff's conviction was improper. As a result, the Plaintiff's conviction was re-opened, and all charges were dismissed.

30. As a direct and proximate result of the above, the Plaintiff, Dennis W. Sharpe, suffered injuries, including but not limited to wrongful detention and supervision and a significant depravation of liberty.

31. As a direct and proximate result of the above, the Plaintiffs Dennis M. Sharpe and Maryann Sharp, suffered damages including but not limited to forfeiture proceedings of their home.

## COUNT I
## MALICIOUS PROSECUTION
## DENNIS W. SHARPE V. POLICE OFFICER SPICER, POLICE OFFICER LICIARDELLO, POLICE OFFICER REYNOLDS, POLICE OFFICER NORMAN, POLICE OFFICER SPEISER, POLICE OFFICER BETTS AND POLICE OFFICERS JOHN DOE #1-5

32. All preceding paragraphs of this Complaint are fully incorporated by reference.

33. As described above, the Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, caused the Plaintiff to be subjected to criminal proceedings intentionally, maliciously and without probable cause.

34. On March 10, 2017 the court granted Commonwealth's motion to Nolle Prosequi the charges after the sentence was vacated and a new trial ordered. Therefore, all criminal proceedings were terminated in the Plaintiff's favor.

35. As a direct and proximate result of the malicious and intentional actions of Defendants, the Plaintiff, Dennis W. Sharpe, suffered damages as described above.

36. The above-described actions of Defendants were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and wellbeing that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Dennis W. Sharpe, demands compensatory and punitive damages against Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, jointly and/or severally, for the malicious prosecution, in an amount to fairly and adequately compensate the Plaintiffs and punish and deter such conduct on the part of the Defendants, in addition to interest, costs, attorney's fees and delay damages.

<u>COUNT II – 42 U.S.C. § 1983</u>
<u>IV AMENDMENT</u>
<u>ILLEGAL ENTRY/SEARCH</u>
<u>DENNIS M. SHARPE, MARYANN SHARPE AND DENNIS W. SHARPE vs. POLICE
OFFICER SPICER, POLICE OFFICER LICIARDELLO, POLICE OFFICER
REYNOLDS, POLICE OFFICER NORMAN, POLICE OFFICER SPEISER, POLICE
OFFICER BETTS AND POLICE OFFICERS JOHN DOE #1-5</u>

37. All preceding paragraphs of this Complaint are fully incorporated by reference.

38. As aforesaid, Defendants, jointly and/or severally, acting within the course and scope of their employment, under the color of state law, intentionally and maliciously deprived Plaintiffs, Dennis M. Sharpe,  Maryann Sharpe and Dennis W. Sharpe of their rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from unreasonable entries and searches; all of which actions violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

39. As aforesaid, all Defendants, jointly and/or severally, acting within the course and scope of their employment, under the color of State law, intentionally and illegally entered the home

of Plaintiffs, Dennis M. Sharpe and Maryann Sharp, on March 27, 2008, without just cause

or provocation, or a valid warrant, all of which actions violated Plaintiffs' rights under the

Fourth and Fourteenth Amendments to the Constitution of the United States, the

Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the

Commonwealth of Pennsylvania and are in violation of 42 U.S.C. § 1983.

40. As aforesaid, Defendants, jointly and/or severally, acting within the course and scope of

their employment, under the color of State law, used their position of authority, illegally and

improperly to enter the home of the Plaintiffs without a valid warrant, by the above

described actions, all of which actions violated the Plaintiffs' rights under the Fourth and

Fourteenth Amendments to the Constitution of the United States, the Constitution of the

Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of

Pennsylvania and were in violation of 42 U.S.C. § 1983.

41. Defendants, jointly and/or severally, have been deliberately indifferent to the rights of the

Plaintiffs to be free from illegal entry, search and seizure, which deliberate indifference

violates the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the

Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania,

the laws of the United States and of the Commonwealth of Pennsylvania and are in violation

of 42 U.S.C. § 1983.

42. As a direct and proximate result of the malicious, intentional and reckless actions of the

Defendants, the Plaintiffs, Dennis M. Sharpe, Maryann Sharp and Dennis W. Sharpe,

suffered injuries which are described above.

43. The above described actions of all Defendants, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiffs' rights and wellbeing, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiffs, Dennis M. Sharpe, Maryann Sharp and Dennis W. Sharpe, demand compensatory and punitive damages against the Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, jointly and/or severally, in their individual capacities, in an amount to fairly and adequately compensate the Plaintiffs and punish and deter such conduct on the part of the Defendants, in addition to interest, costs, attorney's fees and delay damages.

## COUNT III
### FORFEITURE
### DENNIS M. SHARPE AND MARYANN SHARPE V. POLICE OFFICER SPICER, POLICE OFFICER LICIARDELLO, POLICE OFFICER REYNOLDS, POLICE OFFICER NORMAN, POLICE OFFICER SPEISER, POLICE OFFICER BETTS AND POLICE OFFICERS JOHN DOE #1-5

44. All preceding paragraphs of this Complaint are fully incorporated by reference.

45. As described above, the Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, caused the Plaintiffs to be subjected to forfeiture proceedings intentionally, maliciously and without probable cause.

46. All forfeiture proceedings were terminated in the Plaintiffs' favor.

47. As a direct and proximate result of the malicious and intentional actions of Defendants, the Plaintiffs, Dennis M. Sharpe and Maryann Sharpe, suffered damages as described above.

48. The above-described actions of Defendants were so malicious and intentional and displayed such a reckless indifference to the Plaintiffs' rights and wellbeing that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiffs, Dennis M. Sharpe and Maryann Sharpe, demand compensatory and punitive damages against Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, jointly and/or severally, for the malicious prosecution, in an amount to fairly and adequately compensate the Plaintiffs and punish and deter such conduct on the part of the Defendants, in addition to interest, costs, attorney's fees and delay damages.

## COUNT V – 42 U.S.C. §1983
## CUSTOM, POLICY AND PRACTICE - MONELL CLAIM
## DENNIS M. SHARPE, MARYANN SHARPE, AND DENNIS W. SHARPE vs. CITY OF PHILADELPHIA

49. All preceding paragraphs of this Complaint are fully incorporated by reference.

50. The Plaintiffs, Dennis M. Sharpe, Maryann Sharpe, and Dennis W. Sharpe believe that the Defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in the use of excessive force, as well as, malicious prosecution, by its undercover narcotics officers; and systematically verbally and physically abusing individuals, and subjecting them to the same type of treatment to which the Plaintiffs were subjected.  Said policy, custom and practices violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

51. The Plaintiffs believe that the Defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, investigate, supervise and discipline undercover narcotics officers, including the individual Defendants Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5, regarding constitutional restraints illegal entry and search, as well as, malicious prosecution, which policy and/or custom and/or practice violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania.

52. The Defendant, City of Philadelphia, has been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from illegal entry and search and malicious prosecution, which deliberate indifference violates the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

53. The Plaintiffs believe and therefore avers, that at all material times, the Defendant, City of Philadelphia, knew or should have known of the above described policy, custom and practice of the Philadelphia Police Department, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice.

54. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, Defendant, City of Philadelphia, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the

Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the

United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the Plaintiffs, Dennis M. Sharpe,

Maryann Sharpe and Dennis W. Sharpe, demand compensatory damages against the Defendant,

City of Philadelphia, in an amount to fairly compensate the Plaintiffs, and punish and deter such

conduct on the part of the Defendants, in addition to interest, costs, attorney's fees and delay

damages.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**DENNIS M. SHARPE, MARYANN SHARPE AND DENNIS W. SHARPE vs. POLICE**
**OFFICER SPICER, POLICE OFFICER LICIARDELLO, POLICE OFFICER**
**REYNOLDS, POLICE OFFICER NORMAN, POLICE OFFICER SPEISER, POLICE**
**OFFICER BETTS AND POLICE OFFICERS JOHN DOE #1-5**

55. All preceding paragraphs of this Complaint are fully incorporated by reference.

56. As described above, the Defendants, Police Officer Spicer, Police Officer Liciardello,

    Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts

    and/or Police Officers John Doe #1-5, caused the Plaintiffs severe emotional distress,

    anxiety, and humiliation and physical ailments related to same.

57. As a direct and proximate result of the malicious, intentional and/or reckless actions of the

    Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds,

    Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers

    John Doe #1-5, the Plaintiffs suffered emotional injuries.

58. The above-described actions of the Defendants, Police Officer Spicer, Police Officer

    Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police

Officer Betts and/or Police Officers John Doe #1-5, were so malicious, intentional and

reckless and displayed such a reckless and deliberate indifference to the Plaintiffs' rights and

wellbeing, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiffs, Dennis M. Sharpe, Maryann Sharpe and Dennis W. Sharpe

demand compensatory and punitive damages against the Defendants, Police Officer Spicer, Police

Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police

Officer Betts and/or Police Officers John Doe #1-5 , jointly and/or severally, for the common law

tort of intentional infliction of emotional distress, in an amount to fairly and adequately

compensate the Plaintiffs and punish and deter such conduct on the part of the Defendants, in

addition to interest, costs, attorney's fees and delay damages.

**COUNT VII**
**MALICIOUS PROSECUTION -COMMON LAW**
**DENNIS W. SHARPE vs. POLICE OFFICER SPICER, POLICE OFFICER**
**LICIARDELLO, POLICE OFFICER REYNOLDS, POLICE OFFICER NORMAN,**
**POLICE OFFICER SPEISER, POLICE OFFICER BETTS AND POLICE OFFICERS**
**JOHN DOE #1-5**

59. All preceding paragraphs of this Complaint are fully incorporated by reference.

60. As described above, the Defendants, Police Officer Spicer, Police Officer Liciardello,

    Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts

    and/or Police Officers John Doe #1-5, caused the Plaintiff, Dennis W. Sharpe, to be

    subjected to criminal proceedings intentionally, maliciously and without probable cause.

61. All criminal proceedings were terminated in the Plaintiff's favor.

62. As a direct and proximate result of the malicious and intentional actions of Defendants, the Plaintiff, Dennis W. Sharpe, suffered damages as described above.

63. The above-described actions of Defendants were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and wellbeing that the imposition of punitive damages is warranted.


**WHEREFORE**, Plaintiffs, Dennis M. Sharpe, Maryann Sharpe and Dennis W. Sharpe demand compensatory and punitive damages against the Defendants, Police Officer Spicer, Police Officer Liciardello, Police Officer Reynolds, Police Officer Norman, Police Officer Speiser, Police Officer Betts and/or Police Officers John Doe #1-5 , jointly and/or severally, for the common law tort of malicious prosecution, in an amount to fairly and adequately compensate the Plaintiffs and punish and deter such conduct on the part of the Defendants, in addition to interest, costs, attorney's fees and delay damages.


**ABRAMSON & DENENBERG, P.C.**

BY: _____

**VAZKEN A.E. ZEROUNIAN
1315 WALNUT STREET, 12th FLOOR
PHILADELPHIA, PA 19107
ATTORNEY OF PLAINTIFF**

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

19 CV 983

19 983

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

**I. (a) PLAINTIFFS**
DENNIS M. SHARPE
MARYANN SHARPE
DENNIS W. SHARPE

**DEFENDANTS** POLICE OFFICERS SPICER,
LICIARDELLO, REYNOLDS, NORMAN, SPEISER,
BETTS, JOHN DOE #1-5 AND CITY OF PHILA.

**(b)** County of Residence of First Listed Plaintiff  PHILA.
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
VAZKEN A.E. ZEROUNIAN, ESQUIRE
ABRAMSON & DENENBERG, P.C.
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA. 19107
(215) 546-1345 EXT. 109

Attorneys *(If Known)*
UNKNOWN AT THIS TIME

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U S Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U S Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer w/Disabilities - Employment<br>☐ 446 Amer w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U S Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)* 28 U.S.C. §§1331, 1343
Brief description of cause: MALICIOUS PROSECUTION/MONELL

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $ EXCESS OF $150,000.
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE PAUL S. DIAMOND    DOCKET NUMBER 2: -CV-

DATE MARCH 8, 2019    SIGNATURE OF ATTORNEY OF RECORD    MAR - 8 2019

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19    983**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __337 MCKEAN STREET, PHILA., PA.    19148__

Address of Defendant: __1515 ARCH STREET, 15TH FLOOR, PHILA., PA.    19102__

Place of Accident, Incident or Transaction: __PHILADELPHIA, PENNSYLVANIA__

---

**RELATED CASE, IF ANY:**

Case Number: __2:13-CV-02773__    Judge: __PAUL S. DIAMOND__    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☒ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☒ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE __March 8, 2019__    _(signature)_    __308846__
                                Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☑ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* ____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __VAZKEN A.E. ZEROUNIAN__ , counsel of record *or pro se plaintiff*, do hereby certify

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE __March 8, 2019__    _(signature)_    __308846__
                                Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

MAR -8 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DENNIS M. SHARPE, ET AL | PD : | CIVIL ACTION |
| v. : | | 19    983 |
| POLICE OFFICER MICHAEL E. SPICER, ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 3/8/19 | _[signature]_ | VAZKEN A.E. ZEROUNIAN, ESQ. |
| Date | Attorney-at-law | Attorney for PLAINTIFF |
| 215-546-1345, EXT.109 | (215)546-1345 | vzerounia@adlawfirm.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

MAR - 8 2019