IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS M. SHARPE, et al.,** : | |
| Plaintiffs, : | |
| : | Civil Action |
| v. : | No. 19-983 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| Defendants. : | |

# [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendant City of Philadelphia's Partial Motion to Dismiss, it is hereby ORDERED that the Motion is GRANTED, and Count V (*Monell* claim against Defendant City of Philadelphia) is DISMISSED to the extent it encompasses claims for illegal entry/search or forfeiture because such claims are barred by the applicable statute of limitations. It is further ORDERED that all claims brought by Dennis M. Sharpe and Maryann Sharpe against the City are DISMISSED as untimely.

IT IS SO ORDERED.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS M. SHARPE, et al.,** : | |
|         **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 19-983** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
|         **Defendants.** : | |

## DEFENDANT CITY OF PHILADELPHIA'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant City of Philadelphia, by and through undersigned counsel, hereby files this Partial Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendant incorporates and relies upon the attached Memorandum of Law. Defendant respectfully requests that this Court partially dismiss Plaintiff's claims as follows.

Date: January 26, 2024                               Respectfully submitted,


/s/ *Anne B. Taylor*
Anne B. Taylor, Esquire
Chief Deputy City Solicitor
Pa. Attorney ID No. 206057
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5381

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS M. SHARPE, et al.,** : | |
| **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 19-983** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY'S
PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiffs Dennis M. Sharpe, Maryann Sharpe, and Dennis W. Sharpe ("Plaintiffs") have sued the City of Philadelphia ("City") and individual defendants for claims arising out of Dennis W. Sharpe's March 27, 2008 arrest and subsequent prosecution, and the derivative forfeiture proceedings that were filed against their house. By their seven-count Complaint they seek recovery under a myriad of theories of liability, the significant majority of which are time barred. Indeed, the only timely claim is that by Dennis W. Sharpe for malicious prosecution. The City consequently partially moves to dismiss in order to clarify the issues and parties properly before the Court.

**I.  BACKGROUND**

Plaintiffs are a family. Compl. ¶¶ 1-3. Dennis M. Sharpe and Maryann Sharpe are the parents of Dennis W. Sharpe, and all reside at 337 McKean Street in Philadelphia. *Id.* In their complaint, Plaintiffs allege that officers employed by the Philadelphia Police Department entered their house without a warrant to do so on March 27, 2008, and arrested Dennis W. Sharpe for narcotics offenses. Compl. ¶¶ 21-27. After their son's arrest for narcotics trafficking in their house, Dennis M. and Maryann Sharpe had to litigate a forfeiture petition, which litigation they

won. *Id.* ¶¶ 45-46. Nearly nine years later, on March 10, 2017, Dennis W. Sharpe's conviction was vacated and *nolle prossed*. *Id.* ¶ 29. This litigation was filed on March 8, 2019. *See generally* Compl.

Neither Dennis M. nor Maryann Sharpe have timely claims, and most of Dennis W. Sharpe's claims are barred by the applicable two-year statute of limitations. For the reasons that follow, these claims and parties should be dismissed.

## II.     STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quotation marks omitted).

## III.    ARGUMENT

As alleged, the claim against the City of Philadelphia appears to encompass the theories of liability advanced against the individual officers. Several of those claims, illegal search (Count II) and forfeiture (Count III), are time barred. As these are the only federal theories of liability advanced by the parent-Plaintiffs Dennis M. and Maryann Sharpe, their derivative claims against the City should also be dismissed.

The "statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *See McCreary v. Redevelopment Auth.*, 427 F. App'x 211, 214 (3d Cir. 2011). The statute of limitations begins to run when the plaintiff's cause of action accrues. *Romero v. The Allstate Corp.*, 404 F.3d 212, 221 (3d Cir. 2005). Further, under the federal "discovery rule," a federal claim accrues when the plaintiff discovers or should have discovered the injury that forms the basis for the claim. *Id.* at 222. In the context of a Section 1983 claim for unlawful search, that date is typically the date of the search. *See, e.g.*, *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012). This same two-year statute of limitations applies to a due process/equal protection claim. *See Patterson v. Strippoli*, 639 F. App'x 137, 140-41 (3d Cir. 2016); *D'Alfonso v. Carpino*, 352 F. App'x 604 (3d Cir. 2009); *Ormsby v. Luzerne County Dept. of Public Welfare Office of Huan Services*, 149 F. App'x 60, 62 (3d Cir. Sept. 12, 2005) (two-year statute of limitations for infliction of emotional distress). Claims for malicious prosecution, in turn, "accrue[] on the date that the proceedings terminated favorably for the accused." *Hiscock v. City of Philadelphia*, 2013 WL 686350, at 3 (E.D. Pa. Feb. 26, 2013) (citing *Thomas–Warner v. City of Phila.*, No. 11–5854, 2011 WL 6371898, at 6 (E.D. Pa. Dec. 20, 2011) and weighing the futility of amendment to plaintiff's complaint after the expiration of the statute of limitations); *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016).

Plaintiffs' house was searched on March 27, 2008. Their house was subject to unsuccessful forfeiture proceedings sometime in the ensuing years. They filed suit on March 8, 2019, well past the expiration of the two-year statute of limitations. Plaintiffs' claims for unlawful search and forfeiture are thus time barred and should be dismissed on this basis. And since the only claims advanced by the parent-Plaintiffs Dennis M. Sharpe and Maryann Sharpe are time-barred, they should be dismissed as parties to this case.

3

## IV.     CONCLUSION

For the reasons set forth above, the Court should partially dismiss Plaintiffs' claims against the City of Philadelphia and dismiss Dennis M. Sharpe and Maryann Sharpe as parties to this litigation.

Date:  January 26, 2024  Respectfully submitted,

/s/ *Anne B. Taylor*
Anne B. Taylor, Esquire
Chief Deputy City Solicitor
Pa. Attorney ID No. 206057
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5381

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENNIS M. SHARPE, et al.,** : | |
| **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 19-983** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the Defendant's Partial Motion to Dismiss, Memorandum in Support, and Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

Date: January 26, 2024                                       Respectfully submitted,

/s/ *Anne B. Taylor*
Anne B. Taylor, Esquire
Chief Deputy City Solicitor
Pa. Attorney ID No. 206057
Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5381